IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA BERYOZKIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| LAW OFFICE OF KEITH S. SHINDLER, LTD., d/b/a SHINDLER & JOYCE; CAVALRY SPV I, LLC; and CAVALRY PORTFOLIO SERVICES, LLC; | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Victoria Beryozkin brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Law Office of Keith S. Shindler, Ltd., d/b/a Shindler & Joyce ("Shindler & Joyce"); Cavalry SPV I, LLC; and Cavalry Portfolio Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection actions impacted plaintiff within this District;

   b. Each defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Victoria Beryozkin is an individual who resides in Buffalo Grove, Illinois.

10. Defendant Shindler & Joyce is a law firm organized as an Illinois corporation with principal offices at 1990 E. Algonquin Road, Suite 180, Schaumburg, IL 60173.

11. The practice of defendant Shindler & Joyce, is the collection of consumer debts owned by others.

12. Shindler & Joyce has a web site (http://shindlerlaw.com/) on which it states: "Shindler & Joyce firm has been representing the rights of creditors since the 1990s. Our practice serves Illinois as well as Wisconsin. We pride ourselves on being efficient and effective in our collection practices."

13. Defendant Shindler & Joyce, uses the mails and telephone system to conduct such

business.

14. Defendant Shindler & Joyce, is a "debt collector" as defined in the FDCPA.

15. Defendant Cavalry SPV I, LLC, is a Delaware limited liability company which claims to acquire and then seeks to collect charge-off consumer debts originally owed by others. It has no other business. Its principal office is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. It does business in Illinois and is licensed as a debt collector by the state of Illinois. Its registered agent and office in Illinois is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

16. Hundreds of lawsuits in which Cavalry SPV I, LLC is the plaintiff are filed in Illinois courts each year.

17. The mails and telephone system are used in connection with such suits.

18. Cavalry SPV I, LLC is a debt collector as defined in the FDCPA.

19. Defendant Cavalry Portfolio Services, LLC is a limited liability company organized under Delaware law with principal offices at 4050 E. Cotton Ctr., Bldg. 2, Suite 20, Phoeniz, AZ 85040. It does business in Illinois and is licensed as a debt collector by the state of Illinois. Its registered agent and office in Illinois is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

20. Cavalry Portfolio Services, LLC collects and manages the collection of debts allegedly owned by Cavalry SPV I, LLC, and related entities.

21. Cavalry Portfolio Services, LLC places debts with collection attorneys such as Shindler & Joyce, who file suit in the name of Cavalry SPV I, LLC.

22. Cavalry Portfolio Services, LLC states on a web site: "Founded in 2002, Cavalry is a leader in the acquisition and management of non-performing consumer loan portfolios." (http://www.cavalryportfolioservices.com/aboutus.aspx)

23. Cavalry Portfolio Services, LLC uses the mails and telephone system in conducting business.

24. Cavalry Portfolio Services, LLC is a debt collector as defined in the FDCPA.

**FACTS**

25. In December 2014, Shindler & Joyce filed a collection lawsuit in which Cavalry SPV I, LLC was the plaintiff and Victoria Beryozkin the defendant in Cook County Circuit Court, case 2014 M3 4854. Cavalry Portfolio Services retained Shindler & Joyce and directed the filing of the lawsuit.

26. In September 2015, a judgment was entered in favor of Cavalry SPV I, LLC.

27. On March 13, 2017, Shindler & Joyce, on behalf of Cavalry SPV I, LLC, initiated a wage deduction against Ms. Beryozkin, returnable April 27, 2017.

28. On April 5, 2017, plaintiff Victoria Beryozkin filed a Chapter 7 petition, 17 B 10859 (N.D. Ill.), staying all proceedings against her.

29. Ms. Beryozkin's bankruptcy attorney, Diane Brazen Gordon, notified Shindler & Joyce of the filing on April 5, 2017, by fax. (Exhibit A).

30. The Bankruptcy Court sent notice of the filing:

   a. To the New York and Arizona offices of Cavalry Portfolio Services by electronic transmission on April 7, 2017. A copy of the notice is attached as Exhibit B.

   b. To Shindler & Joyce by mail on April 8, 2017 (shown on Exhibit B).

31. Defendants were required to withdraw the wage deduction, which constitutes a continuing direction to the employer to withhold wages for later turnover to the judgment creditor.

32. Defendants did not withdraw the wage deduction.

33. On or about April 20, 2017, Ms. Beryozkin was notified by her employer that her next paycheck would be garnished.

34. Ms. Beryozkin, a school teacher, was embarrassed and humiliated as a result.

35. The wage deduction was subsequently cancelled after the intervention of counsel.

## COUNT I – FDCPA

36. Plaintiff incorporates paragraphs 1-35.

37. This claim is against all defendants.

38. Defendants violated 15 U.S.C. §1692e by failing to halt the wage deduction.

39. Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of--**

    **(A) the character, amount, or legal status of any debt; . . .**

**(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . ..**

40. Defendants violated 15 U.S.C. § 1692f and 1692f(1) by collecting and attempting to collect an amount from plaintiff not permitted by law.

41. Section 1692f provides:

**§ 1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    i.  Statutory damages;

    ii.  Attorney's fees, litigation expenses and costs of suit;

    iii.  Such other and further relief as the Court deems proper.


          /s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\33971\Pleading\Complaint_Pleading.wpd